IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

SHARON D. DUNCAN, #148 434          *

    Petitioner,                     *

  v.                                  *     1:09-CV-416-TMH
                                                  (WO)
CYNTHIA WHEELER-WHITE, *et al.*,    *

    Respondents.                    *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is pending before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Sharon Duncan, a state inmate, on May 6, 2009. In this petition, Petitioner seeks correction of her inmate time sheet to correctly reflect the length of her 1998 conviction for receiving stolen property entered against her by the Circuit Court for Houston County. Petitioner also requests the court to review the trial court's order denying her request to reduce her life sentences.

In their answer filed with this court on June 24, 2009, Respondents assert that Petitioner has failed to exhaust state remedies with respect to her claim that her inmate time sheet fails to accurately reflect the length of her 1998 receiving stolen property conviction. With respect to her request that this court review the trial court's 2008 order denying her request to reduce her life sentences, Respondents argue that Petitioner failed to pursue available state remedies when she had the opportunity to do so and the claim is, therefore, precluded from review pursuant to the procedural default doctrine. (*Doc. No. 12.*) The court

afforded Petitioner an opportunity to show cause why her petition should not be dismissed as a mixed petition. Petitioner has filed no response and the time for filing a response has now expired.

## DISCUSSION

The law is clear that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(1)(b)(1)(A). *See Rose v. Lundy*, 455 U.S. 509 (1982) (before a petitioner may file a petition seeking habeas relief in federal court, he/she must exhaust each claim presented to the federal court through remedies available in state court). This exhaustion requirement is satisfied by seeking review of the claim(s) in the highest state court with jurisdiction to consider the claim. 28 U.S.C. § 2254(b) and (c).

It is clear from the pleadings before the court that Petitioner has not yet exhausted her available state court remedies with respect to at least one of the claims presented in the instant habeas petition. This court does not deem it appropriate to rule on the merits of Petitioner's claims for relief without first requiring that she exhaust state remedies. *See* 28 U.S.C. § 2254(1)(b)(2). Both comity and judicial efficiency make it appropriate for this court to insist on complete exhaustion before it addresses the issues raised by Petitioner. *See Granberry v. Greer*, 481 U.S. 129 (1987).

In light of the foregoing, the Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice so that Petitioner can pursue her

available state court remedies.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Sharon Duncan be DISMISSED without prejudice to afford Petitioner an opportunity to exhaust all available state court remedies.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before September 7, 2009.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 26th day of August, 2009.

                                  /s/ Susan Russ Walker
                                  SUSAN RUSS WALKER
                                  CHIEF UNITED STATES MAGISTRATE JUDGE